# EXHIBIT
# “A”

Original - Court 2nd Copy - Plaintiff
1st Copy- Defendant 3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-015492-NO<br>Hon.Annette J. Berry |
|---|---|---|

Court telephone no.: 313-224-4679

| Plaintiff's name(s), address(es), and telephone no(s) | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Assidi, Cifyan | v | Wal-Mart Stores East LP |
| **Plaintiff's attorney, bar no., address, and telephone no**<br>Thomas G. Krall 75303<br>26640 Harper Ave<br>Saint Clair Shores, MI 48081-1960 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________________ Court, where it was given case number ______________ and assigned to Judge ______________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 10/3/2025 | 1/2/2026 | Jacqueline Ruff |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



THIRD JUDICIAL CIRCUIT OF MICHIGAN

25-015492-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/3/2025 10:35 AM Jacqueline Ruff

KRALL LAW OFFICES, PLLC
ATTORNEYS & COUNSELORS
26640 HARPER AVENUE, SAINT CLAIR SHORES, MI 48081 · (586) 299-1300

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

Cifyan Assidi, an individual,
Plaintiff,

Case No. 25- -NO
Hon.
Circuit Court Judge

v.
Wal- Mart Stores East, LP,
a foreign profit corporation,
Defendant.

---

THOMAS G. KRALL (P75303)
KRALL LAW OFFICES, PLLC
*Attorney for Plaintiff*
26640 Harper Avenue
St. Clair Shores, MI 48081
Telephone: 586-299-1300
Facsimile: 586-299-1309
info@gokralllaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any civil action, not between these parties arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

*/s/ Thomas G. Krall*
Thomas G. Krall (P75303)
Attorney for the Plaintiff

**COMPLAINT**

Plaintiff, by and through counsel THOMAS G. KRALL, for this complaint against Defendant, states as follows:

**JURISDICTION**

1. Defendant is a foreign limited partnership and does business at 5851 Mercury Dr, Dearborn, MI 48126.

2. Plaintiff is an individual that resides in the County of WAYNE, State of Michigan.

KRALL LAW OFFICES, PLLC
ATTORNEYS & COUNSELORS
26640 HARPER AVENUE, SAINT CLAIR SHORES, MI 48081 · (586) 299-1300

3. The events giving rise to this cause of action occurred within the County of WAYNE, State of Michigan.

4. The amount in controversy is greater than $25,000.00.

**COMMON ALLEGATIONS**

5. Defendant was responsible for maintaining the premises at Wal- Mart Stores East, LP, 5851 Mercury Dr, Dearborn, MI 48126.

6. Defendant and its agents were obligated to maintain clear and safe pathways within its establishment; and to warn any persons of any wet or slippery surfaces within the premises.

7. On or around 3/10/25, clear, slippery liquids were left on the grounds of Defendant's property. This liquid created a fall hazard to any person traversing that section of the property.

8. Insufficient warning signs were placed to inform invitees of the possible danger, and Plaintiff was injured due to Defendant's failure to fulfill their duties to adequately warn customers of the potential slip and fall hazard that the liquid created.

9. Defendant and its agents knew or should have known that the liquid may have caused someone to fall.

10. The Defendant failed to place adequate signs warning Defendant's customer.

11. Plaintiff's fall was unavoidable because the liquid was not immediately visible.

**COUNT I: NEGLIGENCE AND OR GROSS NEGLIGENCE**

12. Plaintiff incorporates by reference all allegations contained in 1-11.

13. The negligence of Defendant consists of, among other things, the following acts or omissions:

a. failed to timely remove, eliminate, or warn customers of the fall hazard;
b. failed to provide a reasonably safe surface on which to walk;
c. failed to timely and adequately inspect the area so as to eliminate hazards and dangerous conditions; and
d. failed to timely remove or eliminate the hazardous and unsafe condition and/or warn Plaintiff of the same.

14. As a direct and proximate result of the Defendant's carelessness and negligence, Plaintiff sustained severe, painful, and disabling injuries, including, but not limited to serious injury to their lumbar spine, thoracic region, and right chest wall, including lumbar sprain with bilateral sciatica, contusion of the right thorax, bruised lung, and persistent myofascial pain, resulting in chronic pain, limited mobility, and significant emotional distress including major depressive disorder and anxiety.

KRALL LAW OFFICES, PLLC
ATTORNEYS & COUNSELORS
26640 HARPER AVENUE, SAINT CLAIR SHORES, MI 48081 · (586) 299-1300

15. As a result of these injuries, Plaintiff has suffered great pain, both physical and emotional, as well as serious pain regarding their wrist.

16. Plaintiff has further required medical care and may incur additional medical expenses into the future.

WHEREFORE, Plaintiff demands a judgment against Defendant, in whatever amount in excess of $25,000.00 to which they are found to be entitled, plus costs, interest and reasonable attorney fees, and such other and further relief as the Court may deem just and equitable.

**COUNT II: PREMISES LIABILITY**

17. Plaintiff incorporates by reference all allegations contained in 1-16.

18. Defendant owed Plaintiff the duty to use ordinary care to prevent injury arising from hazardous conditions on Defendant's property.

19. Defendant knew or should have known that the liquid on its premises posed an unreasonable risk of harm because it was not fully visible and unobstructed.

20. The danger presented was not open and obvious as there was an unreasonable risk of harm, attributable to special aspects of the condition including but not limited to the inability to immediately see the liquid upon casual inspection.

21. Defendant breached its duty to provide ordinary care to prevent injuries on the premises and thus was negligent in numerous ways, including the following:

a. To know of the dangerous condition given the inability to see the liquid, realize it involved an unreasonable risk of harm, and expect that Plaintiff would not discover or realize the danger;
b. To exercise reasonable care to make the condition safe or to warn Plaintiff of the condition and the risk; and
c. Provide notice to persons Defendant reasonably knew would encounter the hazard, such as Plaintiff.

22. As a direct and proximate result of Defendant's breach of its duty to use ordinary care to prevent injuries arising out of their own negligence, Plaintiff has suffered injuries related to Plaintiff's slip and fall.

23. As a result of these injuries, Plaintiff has suffered great pain, both physical and emotional pain.

**COUNT III: NEGLIGENCE – VIOLATION OF STATUTE(S) AND / OR ADMINSTRAVE REGULATION(S)**

24. Plaintiff incorporates by reference all allegations contained in 1 – 23.

KRALL LAW OFFICES, PLLC
ATTORNEYS & COUNSELORS
26640 HARPER AVENUE, SAINT CLAIR SHORES, MI 48081 · (586) 299-1300

25. Defendant is subject various statutes and / or administrative regulations, including, but not limited to:

A.) Michigan Building Code 2021, 1003.6 Means of Egress Continuity:

> The path of egress travel along a means of egress shall not be interrupted by a building element other than a means of egress component as specified in this chapter. Obstructions shall not be placed in the minimum width or required capacity of a means of egress component except projections permitted by this chapter. The minimum width or required capacity of a means of egress system shall not be diminished along the path of egress travel.

26. Defendant knew or should have known that the hazard on its premises posed an unreasonable risk of harm because it was not fully visible.

27. The danger presented was not open and obvious as there was an unreasonable risk of harm, attributable to special aspects of the condition including but not limited to the inability to immediately see the dangerous nature of the premises upon casual inspection.

28. Defendants breached their duty to provide ordinary care to prevent injuries on the premises and thus was negligent in numerous ways, including the following:
    a. To know of the dangerous condition given the inability to see the dangerous nature of the premises, realize it involved an unreasonable risk of harm, and expect that Plaintiff would not discover or realize the danger;
    b. To exercise reasonable care to make the condition safe or to warn Plaintiff of the condition and the risk;
    c. Provide notice to persons Defendant reasonably knew would encounter the hazard such as Plaintiff.

29. This constitutes a violation of the statute. Violation of a statute and administrative regulations designed to protect against the harm that occurred creates a presumption or inference of negligence. See *Klanseck v Anderson Sales & Serv, Inc*, 426 Mich 78 (1986).

30. As a direct and proximate result of Defendant's breach of their duty to use ordinary care to prevent injuries arising out of his own negligence, Plaintiff has suffered injuries related Plaintiff's fall.

WHEREFORE, Plaintiff demands a judgment against Defendant, in whatever amount in excess of $25,000.00 to which they are found to be entitled, plus costs, interest and reasonable attorney fees, and such other and further relief as the Court may deem just and equitable.

**PRAYER FOR RELIEF**

KRALL LAW OFFICES, PLLC
ATTORNEYS & COUNSELORS
26640 HARPER AVENUE, SAINT CLAIR SHORES, MI 48081 · (586) 299-1300

WHEREFORE, Plaintiff demands a judgment against Defendant, in whatever amount in excess of $25,000.00 to which they are found to be entitled, plus costs, interest and reasonable attorney fees, and such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Thomas G. Krall*
Thomas G. Krall (P75303)
Attorney for Plaintiff

25-015492-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/3/2025 10:35 AM Jacqueline Ruff

KRALL LAW OFFICES, PLLC
ATTORNEYS & COUNSELORS
26640 HARPER AVENUE, SAINT CLAIR SHORES, MI 48081 · (586) 299-1300

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

Cifyan Assidi, an individual,

Plaintiff,

Case No.: 25- -NO

Hon.
Circuit Court Judge

v.
Wal- Mart Stores East, LP,
a foreign profit corporation,

Defendants.

_____________________________________________/

THOMAS G. KRALL (P75303)
KRALL LAW OFFICES, PLLC
Attorney for Plaintiff
26640 Harper Ave.
Saint Clair Shores, MI 48081
(586) 299-1300
Fax: (586) 299-1309
tom@gokralllaw.com

_____________________________________________/

**JURY DEMAND**

NOW COMES Plaintiff, by and through their attorneys, KRALL LAW OFFICES, PLLC and hereby demands a trial by jury to hear all claims.

Respectfully submitted,

*/s/ Thomas G. Krall*
Thomas G. Krall (P75303)
Attorney for Plaintiff