UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CIFYAN ASSIDI,

     Plaintiff,

v.

WAL-MART STORES EAST, LP,

     Defendant.

Case No. 25-cv-13938

Honorable Robert J. White

## STIPULATED PROTECTIVE ORDER

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, this Order governing the disclosure and use of the parties' confidential or proprietary information in this litigation ("Confidential Material"), specifically including information subject to data protection laws or other privacy obligations and nonpublic financial and personal information, contracts, and business information:

1. **Designation.** Confidential Material should be marked as "Confidential" by the producing party. Confidential Material disclosed at a deposition may be designated as confidential by indicating on the record that the information is confidential or by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific

11091786.1

pages and lines of the transcript which are designated as confidential. Until the expiration of such 15-business-day period, the entire transcript shall receive confidential treatment.

2.      **Protection of Confidential Material.** Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit. Confidential Material shall be disclosed only to counsel for each party and their staff, the Court and its staff, the parties and employees of parties to whom disclosure is necessary in connection with this action, and such witnesses in the case (including consulting and testifying experts) as may reasonably be necessary in this action. Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation. The parties may redact information that is privileged or protected from discovery, Confidential Material, and sensitive, non-relevant information, including non-relevant financial and personally identifiable information. The provisions of this Order shall not affect, and this Order does not limit, the admissibility of Confidential Material as evidence at trial, or during a hearing or similar proceeding in this action.

3.      **Clawback.** The production of Confidential Material, privileged or work-product protected material, whether inadvertent or otherwise, is not a waiver of confidentiality, privilege, or protection from discovery. This Order shall be

interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d). A producing party may give written notice asserting a claim of confidentiality, privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document and shall not review or use that document, or any work product containing information taken from that document, for any purpose.

4. **Challenges by a Party to Designation as Confidential Material.** A party or interested member of the public may move the Court to modify the confidentiality designation of any documents or information after first attempting to resolve any dispute with the producing party's counsel. The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.

5. **Filing of Confidential Material.** A party that seeks to file any Confidential Material must comply with Eastern District of Michigan Local Rule 5.3. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

6. **Use of Confidential Material at Trial.** Nothing in this Order limits the admissibility of Confidential Material as evidence or hearing in this action. Prior to using Confidential Material at any hearing that is open to the public, a party must

give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the designating party may seek an appropriate order to protect the Confidential Material.

7.      **Demands for Confidential Material.** If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was received as Confidential Material, the party shall give prompt written notice within five (5) business days of receipt of such Demand to the party who designated the Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the Confidential Material.

8.      **Obligations at Conclusion of Litigation.** This Order shall remain in full force and effect throughout and after the conclusion of this litigation until such time as it is modified, amended, or rescinded by the Court. Within thirty (30) days of final resolution of this litigation, each party or non-party shall either destroy all Confidential Material or return it to counsel for the disclosing party. Counsel for parties shall, upon request, certify compliance with this paragraph. Notwithstanding

this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

SO ORDERED.


Dated: March 3, 2026                          s/Robert J. White
                                              Robert J. White
                                              United States District Judge


**STIPULATED TO:**

Dated: February 26, 2026           By: /s/ *Thomas G. Krall*

                                   **with permission**

                                   THOMAS G. KRALL (P75303)
                                   KRALL LAW OFFICES, PLLC
                                   26640 Harper Avenue
                                   St. Clair Shores, MI  48081
                                   (586) 299-1300 / Fax: (586) 299-1309
                                   tom@gokralllaw.com
                                   *Counsel for Plaintiff*


Dated: February 26, 2026           By: /s/ *Nicole M. Wright*

                                   NICOLE M. WRIGHT (P63513)
                                   MOHAMMAD B. SHEIKH (P82819)
                                   ZAUSMER, P.C.
                                   Attorney for Defendant
                                   32255 Northwestern Highway, Suite 225
                                   Farmington Hills, MI  48334
                                   (248) 851-4111 / Fax: (248) 851-0100
                                   nwright@zausmer.com
                                   msheikh@zausmer.com
                                   *Counsel for Defendant*

5